NO. 07-06-0353-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 14, 2007

_____

ROBERT REYES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2005-495,451; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Robert Reyes, was convicted by a jury of driving while intoxicated and sentenced to 120 days confinement. Presenting a single issue, he contends the State's evidence was factually insufficient to support his conviction. We affirm.

Appellant was arrested for driving while intoxicated after he struck a bicyclist with his vehicle. The collision occurred near a rural intersection east of Lubbock where Reserve Sheriff's Deputy Daniel Castleman was directing traffic for bicyclists participating in a triathlon. At approximately 11:00 a.m., Castleman observed a bicyclist and several vehicles approaching the intersection. Wearing a bright-orange reflective vest, he went to the middle of the roadway and signaled for the lead vehicle to stop. Unsure whether the driver of that vehicle saw him, Castleman repositioned himself directly in front of the oncoming vehicle. When the driver failed to respond, Castleman realized that the vehicle was not going to stop and he yelled for the bicyclist to get out of the roadway. As Castleman jumped out of the vehicle's path, the driver slammed on the brakes; however, he was unable to avoid striking the bicyclist.

After tending to the bicyclist, who sustained only minor injuries, Castleman identified Appellant as the driver of the vehicle. Castleman was assisted at the scene by Reserve Deputy Eddie Greer. When Greer asked Appellant for his driver's license information, he noticed the strong smell of an alcoholic beverage. A short time later, Castleman and Greer were joined by Department of Public Safety Trooper Bryan Witt in the investigation of this incident. At that time, Trooper Witt also smelled the strong odor of an alcoholic beverage when talking to Appellant and noticed that Appellant's eyes were bloodshot. Witt also noticed that Appellant's speech was slurred and that he "swayed a little bit" when standing. Concerned that he was intoxicated, Witt asked Appellant to perform several field sobriety tests, including the horizontal gaze nystagmus or HGN test. While conducting the HGN

test, Witt counted six out of six possible clues of intoxication. Appellant declined to perform the remaining tests or provide a breath sample for analysis. Based on his observations, Witt arrested Appellant for driving while intoxicated. At his subsequent jury trial, Appellant was convicted of the offense. He now challenges the jury's verdict.

A person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). "Intoxicated" is defined as not having the normal use of mental or physical faculties by reason of the introduction of alcohol, or other substances, into the body or having an alcohol concentration of 0.08 or more. *Id.* at § 49.01(2). By his sole issue, Appellant contends the State's evidence was factually insufficient to prove beyond a reasonable doubt that he was intoxicated when he struck the bicyclist.[1] We disagree.

When conducting a factual sufficiency review, we examine all the evidence in a neutral light to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004 ), *overruled in part by Watson v. State*, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006). In doing so, we must discuss the most important and relevant evidence that supports Appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). We cannot reverse a conviction unless we find some objective basis in the record that

---

[1]During final arguments, Appellant conceded that the State proved the remaining elements of the offense.

demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. Furthermore, we cannot conclude that Appellant's conviction is "clearly wrong" or "manifestly unjust" simply because we disagree with the jury's verdict. *Id.*; *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

At Appellant's trial, multiple witnesses testified regarding his intoxication. Deputy Greer and Trooper Witt both testified to the odor of an alcoholic beverage when talking to Appellant. When questioned, Appellant informed Witt that he had been intoxicated the previous evening. Witt testified that he noticed Appellant's bloodshot eyes, slurred speech, and swaying while standing. In addition to the six clues of intoxication, Witt also noted that Appellant had difficulty holding his head still while the HGN test was being administered.

Much of this activity was videotaped from Witt's patrol car and a copy of that tape was introduced into evidence and played for the jury. A review of that videotape, however, reveals that the details of that activity were difficult to discern. Furthermore, on cross-examination, Witt admitted that Appellant was cooperative, followed all instructions, and was able to tell him his address, height, weight, birth date, and social security number without any difficulty. He also conceded that Appellant's bloodshot eyes could have been caused by the wind or allergies and that he was not familiar with Appellant's normal speech. Appellant's sister testified that Appellant was acting "perfectly fine" before the collision and that his eyes were always red and agitated from blowing dirt.

4

Even so, considering all this evidence in a neutral light, we cannot conclude that Appellant's conviction was clearly wrong or manifestly unjust. The testimony of the State's witnesses alone was sufficient to enable a jury to conclude that Appellant was intoxicated. In this regard, the jury, as the exclusive judge of the facts and credibility of the witnesses, was free to believe or disbelieve any part of a witness's testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Goodman v. State*, 66 S.W.3d 283, 287 (Tex.Cr.App. 2001). Appellant's issue is overruled.

Accordingly, we affirm the trial court's judgment.


Patrick A. Pirtle
Justice

Do not publish.

5